TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Philip Baruffi*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Baruffi, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| EXPERIAN INFORMATION SOLUTIONS, INC. an Ohio corporation, and NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY, a New Jersey Administrative Agency, Defendants. | **JURY TRIAL DEMANDED** |

NOW COMES THE PLAINTIFF, PHILIP BARUFFI, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq.*, and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. New Jersey Higher Education Student Assistance Authority ("NJHESAA"), which is a New Jersey Administrative Agency.

## **GENERAL ALLEGATIONS**

6. NJHESAA is misreporting its trade line with account number 15384**** ("Errant Trade Line") on Mr. Baruffi's Experian credit file with multiple charge offs.

7. The student loan that is the subject of the Errant Trade Line ("Errant Trade Line Account") was consolidated in about April 2014 with other loans and into a new account ("Consolidated Loan Account"). There is presently no amount due on the Errant Trade Line Account.

8. Sometime in October 2014, Mr. Baruffi obtained his Experian credit file and noticed that NJHESAA was misreporting the Errant Trade Line Account as a "charged off" every single month from May 2012 to April 2014. Again, the Errant Trade Line Account was not charged off, but consolidated.

9. In response, Plaintiff submitted a letter to Experian, disputing the Errant Trade Line.

10. On or about April 1, 2015, Mr. Baruffi obtained his Experian credit file again and noticed that NJHESAA continued to report the Errant Trade Line Account with multiple "charge offs."

11. Upon information and belief, Defendant Experian forwarded Mr. Baruffi's dispute to Defendant NJHESAA.

3

12. On or about April 13, 2015, Mr. Baruffi submitted a second letter to Experian, disputing the multiple "charge off" language on the Errant Trade Line.

13. Upon information and belief, Defendant Experian forwarded Mr. Baruffi's dispute to Defendant NJHESAA.

14. On or about September 2, 2015, Mr. Baruffi obtained his Experian credit file, which showed that NJHESAA continued to misreport the Errant Trade Line with multiple "charge off" language between the months of May 2012 and April 2014.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NJHESAA

15. Plaintiff re-alleges the above paragraphs as if recited verbatim.

16. After being informed by Experian of the Plaintiff's consumer dispute regarding the Errant Trade Line, NJHESAA negligently failed to conduct a proper reinvestigation of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

17. NJHESAA negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the multiple "charge off" language from the Errant Trade Line.

18. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Baruffi's consumer credit file with Experian to which it is reporting such trade line.

19. As a direct and proximate cause of NJHESAA's negligent failure to perform its duties under the FCRA, Mr. Baruffi has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. NJHESAA is liable to Mr. Baruffi by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mr. Baruffi has a private right of action to assert claims against NJHESAA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against NJHESAA for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NJHESAA**

22. Plaintiff re-alleges the above paragraphs as if recited verbatim.

23. After being informed by Experian that Mr. Baruffi disputed the accuracy of the information it was providing, NJHESAA willfully failed to conduct a proper reinvestigation of Mr. Baruffi's dispute.

5

24. NJHESAA willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of NJHESAA's willful failure to perform its respective duties under the FCRA, Mr. Baruffi has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. NJHESAA is liable to Mr. Baruffi for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against NJHESAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

27. Plaintiff re-alleges the above paragraphs as if recited verbatim.

28. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Baruffi as that term is defined in 15 USC 1681a.

29. Such reports contained information about Mr. Baruffi that was false, misleading, and inaccurate.

30. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Baruffi, in violation of 15 USC 1681e(b).

31. After receiving Mr. Baruffi's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Baruffi has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Experian is liable to Mr. Baruffi by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

34. Plaintiff re-alleges the above paragraphs as if recited verbatim.

7

35. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Baruffi as that term is defined in 15 USC 1681a.

36. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

37. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Baruffi, in violation of 15 USC 1681e(b).

38. After receiving Mr. Baruffi's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Baruffi has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Experian is liable to Mr. Baruffi by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: September 30, 2015         NITZKIN & ASSOCIATES

By: __/s/  *Trinette G. Kent*__
Trinette G. Kent
Attorneys for Plaintiff,
Philip Baruffi